## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                 :

DEALER COMPUTER           :
SERVICES, INC.,             :
                                   :

        Plaintiff,            :        Civil Action No. 08-cv-3508 (FLW)
                                   :

           v.               :
DAYTON FORD INC.,        :
                                   :        **OPINION**

        Defendant.          :
_____:

**WOLFSON, United States District Judge:**

This matter comes before the Court on an application to confirm an arbitration award rendered in a dispute between Plaintiff Dealer Computer Services, Inc. ("Plaintiff") and Defendant Dayton Ford, Inc. ("Defendant"). In its opposition, Defendant contends that the arbitration panel exhibited a manifest disregard of the law, in violation of the Federal Arbitration Act ("FAA"). For the reasons that follow, Plaintiff's Motion to Confirm the Arbitration Award is granted but its request for attorney's fees and costs is denied.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a successor in interest to Universal Computer Consulting, Limited, Universal Computer Network, Inc., and Universal Computer Services, Inc., develops and designs computer software used by automobile dealerships. Affidavit of William Foster, Exh. 1, Arbitration Award p. 2. Defendant owned and operated several dealerships, including

Dayton Ford and Dodge, Dayton Toyota, Dayton Chevrolet, Chrysler and Jeep.  Id.
Sometime in August 1993, Defendant contracted with Plaintiff for the right to use Plaintiff's
software at all of its dealerships.  Id.  The terms of the four contracts executed in 1993 were
renegotiated in October 2002, extending the length of the parties' contractual relationship
through October 10, 2010.  Id.  Over the course of 2006, however, Defendant divested itself
of all its dealerships.  Id.  Plaintiff claimed, that as a result of the sale, the amounts due under
the contract were accelerated, and that Defendant was responsible for over $1,460,040.04 in
contractual fees.  Id.  Believing that it did not breach the contracts, Defendant refused to pay
the alleged amount due and in addition, claimed Plaintiff was in material breach of the
parties' agreements.  Alternatively, Defendant asserted that even if it owed Plaintiff under the
contract, it was for an amount considerably less than the one proffered by Plaintiff.

Unable to resolve the dispute amicably, the parties turned to an alternative dispute
resolution.  The contracts in dispute, governed by the laws of New Jersey, called for the
resolution of disputes by arbitration before an American Arbitration Association ("AAA")
panel.  On January 29, 2007, Plaintiff filed its demand for arbitration, seeking $1,460,040.04
in damages.  Defendant responded with a counterclaim of over $10,000.  The parties agreed
to a panel and selected New Brunswick, New Jersey as the site for the arbitration.

The hearing was conducted between November 27-29, 2007.  Both parties presented
evidence and witnesses, including experts to speak to the issue of damages.  On February 19,
2008, the arbitration panel, consisting of the Honorable William G. Bassler, U.S.D.J. (ret.),
Robert E. Bartkus, and the Honorable Mark Epstein, issued a ruling, in which it determined

that Defendant was in material breach of the contracts, and liable for damages to Plaintiff. In so doing, the panel decided that in order to calculate damages due under New Jersey law, Plaintiff was entitled to recover the benefit of the bargain under the agreements less Plaintiff's avoided costs for not having to perform under the contract. While Defendant conceded that the amount remaining to be paid under the agreements was over 1,400,000, the parties widely disagreed over the amount of avoided costs.  Plaintiff's expert, Chris Owen, Manager of its Financial Analysis Department, testified at the hearing that by his estimates, avoidable costs totaled 7.8% of the amount left due.  By contrast, Defendant's expert, Gregory Schmelke, testified that avoidable costs for Plaintiff ranged from 36 to 70% of the total amount.  The panel, skeptical of both estimates, determined that a more reasonable approximation of avoidable costs under the contract, given the evidence on record, was 25%, leaving $1,067,806.81 to be paid.  The panel finally concluded, after applying other discounts and deductions, that Defendant owed over $953,593.77.

On July 14, 2008, Plaintiff initiated this action in United States District Court for the District of New Jersey.  Defendant filed its Answer to Plaintiff's Complaint on August 12, 2008.  Subsequently, Plaintiff filed this Motion for Summary Judgment to Confirm the Arbitration Award on September 11, 2008.  On October 6, 2008, Defendant filed its opposition thereto, arguing that the arbitration panel wholly disregarded the clear legal precedent cited and the arbitration award should be vacated accordingly.  In addition, Defendant challenges Plaintiff's request for attorney's fees and expenses incurred as a result

of this litigation.  For the reasons that follow, Plaintiff's Motion to Confirm the Arbitration Award is granted.

## II. DISCUSSION

### A. Standard of Review

It is an axiomatic of this Court's review of an arbitration award that "[a]s long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely ' his own brand of industrial justice,' the award is legitimate." <u>United Paperworkers Int'l Union v. Misco, Inc.</u>, 484 U.S. 29, 36 (1987) (quoting <u>Steelworkers v. Enterprise Wheel & Car Corp.</u>, 363 U.S. 593, 597 (1960); <u>Exxon Shipping Company v. Exxon Seamen's Union</u>, 801 F. Supp. 1379, 1384 (3d Cir. 1992).  Recently, the Second Circuit expounded on the rationale behind the deference to an arbitration award:

> Vacatur of an arbitral award is unusual for good reason: The parties agreed to submit their dispute to arbitration, more likely than not to enhance efficiency, to reduce costs, or to maintain control over who would settle their disputes and how-or some combination thereof.

<u>Stolt-Nielsen SA v. AnimalFeeds International Corp.</u>, 548 F.3d 85, 92 (2d Cir. 2008). Although Congress intended that courts be chary to overturn an arbitrator's decision, the FAA makes clear that an arbitration award is not immune from attack.  A court may vacate an arbitration award if the arbitrator's decision is wholly  unsupported by the agreement's plain language or the arbitrator fails to adhere to basic principles of contract construction. <u>News Am. Publications, Inc., Daily Racing Form Div. v. Newark Typographical Union, Local 103</u>, 921 F.2d 40, 41 (3d Cir. 1990); <u>Exxon Shipping</u>, 801 F. Supp. at 1384.

4

However, in its review of an arbitration award, this Court may not "sit as the panel did and reexamine the evidence." <u>Mutual Fire, Marine, & Inland Ins. Co. v. Norad Reins. Co., Ltd.</u>, 868 F.2d 52, 56 (3d Cir.1989). Thus, if an "arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.'" <u>Eastern Associated Coal Corp. v. United Mine Workers of America, District 17</u>, 531 U.S. 57, 62 (2000) (quoting <u>Misco</u>, 484 U.S. at 38). In other words, it is not within the province of this Court to substitute its judgment for that of an arbitrator's, however injudicious it may be. Rather, Congress' intent in passing the FAA and concurrent policy considerations guide this Court's obligation to uphold an arbitrator's judgment if the decision, on its face, was drawn from the parties' agreement or is remotely based on reasonable contractual interpretation. <u>See</u> <u>United Trans. Union Local 1589 v. Suburban Transit Corp.</u>, 51 F.3d 376, 379 (3d Cir.1995).

Alternatively, and as relied on by Defendant, courts have vacated arbitration awards in instances where the arbitrator demonstrates a manifest disregard for the applicable law. Although not explicitly enumerated as a grounds for vacataur under the FAA,[1] the Third

---

[1]The Supreme Court recently cast doubt on the viability of the manifest disregard of law doctrine, finding that manifest disregard of the law was not one of the enumerated, exclusive grounds for vacataur under Section 10 of the FAA. <u>Hall Street Associates v. Mattel, Inc.</u>, 128 S.Ct. 1396, 1405 (2008). In light of <u>Hall Street</u>, circuit courts have differed over whether the manifest disregard doctrine survives. <u>Ramos-Santiago v. United Parcel Service</u>, 524 F.3d 120, 124 n. 3 (1st Cir. 2008) (finding that the doctrine of manifest disregard does not survive the Court's holding in <u>Hall Street</u>); <u>Stolt-Nielsen SA.</u>, 548 F.3d at 95 (finding that <u>Hall Street</u> "did not. . .abrogate the 'manifest disregard' doctrine altogether."). Notwithstanding this disagreement, the threshold for a showing of manifest disregard of the law remains high.

Circuit has recognized the "manifest disregard of the law doctrine [as] a judicially-created one that is to be used 'only [in] those exceedingly rare circumstances where some egregious impropriety on the party of the arbitrators is apparent, but where none of the provisions of the [FAA] apply." <u>Black Box Corp. v. Markham</u>, 123 Fed. Appx. 22, 25 (3d Cir. 2005). To prevail under this doctrine, the moving party must demonstrate that the arbitrator ignored law that was "well defined, explicit, and clearly applicable to the case." <u>Koken v. Cologne Reinsurance (Barb.) Ltd.</u>, No. 98-0678, 2006 U.S. Dist. LEXIS 59540, at *6, 2006 WL 2460902 (M.D.Pa. Aug. 23, 2006); <u>O'Leary v. Salomon Smith Barney, Inc.</u>, No. 05-6016, 2008 WL 5136950, at *4 (D.N.J. Dec. 5, 2008).  An improper, or disputed, application of a legal rule does not give rise to vacataur; a party seeking relief from an arbitration award must demonstrate "more than error or misunderstanding with respect to the law," but rather a complete disregard for well-settled legal principle.  <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker</u>, 808 F.2d 930, 933 (2d Cir.1986); <u>Black Box Corp</u>, 127 Fed. Appx. at 25.

In the present case, Defendant directs this Court's attention to the arbitration panel's decision, wherein it cited to the New Jersey Supreme Court's decision in <u>Sons of Thunder, Inc. v. Borden</u>, 148 N.J. 396 (1997).  In <u>Sons of Thunder</u>, the court held that in order for a plaintiff to recover for lost profits, "the plaintiff[] must prove the amount of damages with a reasonable degree of certainty, that the wrongful acts of the defendant caused the loss of profit, and that the profits were reasonably within the contemplation of the parties at the time the contract was entered into." <u>Id.</u> at 428.  Importantly, the arbitration panel emphasized the fact that under <u>Sons of Thunder</u>, that "[d]amages must of course be proved

6

with 'reasonable certainty.'" However, given Plaintiff's contention that Defendant's challenge is untimely, the Court will first address whether Defendant's opposition to the award is barred under the FAA.

### B. Statute of Limitations to Assert Vacataur under the Federal Arbitration Act

Again, the Court must first resolve whether Defendant's challenge of the arbitration award is untimely before reaching whether the arbitration award should be vacated. Plaintiff asserts that Defendant may not oppose the confirmation of the arbitration award and assert grounds for vacataur, citing the FAA's bar to such claims after ninety days of the issuance of the arbitration award.  Specifically, Section 9 of the FAA states, in pertinent part, that "[a] notice of motion to vacate, modify, or correct an award must be served upon an adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. §12.

Consistent with this position, Plaintiff cites to the district court's opinion in  Jeereddi A. Rasad, M.D., Inc. v. Investors Associates, Inc., 82 F. Supp. 2d 365, 367-68 (D.N.J. 2000), in which that court held that the FAA "does not permit the assertion of challenges to an arbitration award in opposition to a motion to confirm the award after the three-month limitations period has expired."  Id. (citing 9 U.S.C.A. § 1 et seq.); see also Karl Jones v. Intrarome Fragrance Corp., No. 04-5625, 2007 WL 1296656, at *3 (D.N.J. April 27, 2007) (granting the defendant's motion to confirm an award in absence of a motion to vacate within ninety days of the award).  In so doing, the Rasad court rejected the defendant's position that the disputed contract's general choice of law provision supplanted the FAA's statute of limitations governing a party's right to seek vacataur.  Likewise, the Second Circuit,

in <u>Florasynth, Inc. v. Pickholz</u>, found that the FAA's statute of limitations on motions to vacate an award entitle a plaintiff seeking confirmation "to assume the award is valid and untainted, and [may] obtain its confirmation in a summary proceeding." 750 F.2d 171, 177 (2d Cir. 1984).

In the present case, although Defendant has not independently moved to vacate the arbitration award, "permitting [such] challenges to arbitration awards to be asserted as defenses to a motion to confirm, filed after the time period for filing motions to vacate has run, contravenes federal policy favoring quick resolution of arbitrations and the enforcement of arbitration awards," while simultaneously frustrating Congress' intent to limit judicial review of arbitration awards. <u>Rasad</u>, 82 F. Supp. 2d at 370. The arbitration award at the crux of the present matter was issued on February 19, 2008. After six months, Plaintiff sought confirmation of the award on September 11, 2008, and it was not until Defendant's opposition, filed on October 6, 2008, did Plaintiff argue that there existed a statutory basis for vacating the award. Such a challenge falls far outside the permitted three-month window in which a party may challenge the merits of an arbitration award under the FAA. Ultimately, "[u]nder the Act, if you fail to move to vacate an arbitration award you forfeit the right to oppose confirmation (enforcement) of the award if sought later by the other party." <u>Lander Co. v. MMP Investments, Inc.</u>, 107 F.3d 476, 478 (7th Cir. 1997). Courts have extremely narrow review of motions to confirm arbitration awards. Indeed, under the FAA, this Court, "[o]n an application for an order confirming [an] arbitration award. . .'must grant' the order 'unless the award is vacated, modified, or prescribed in sections 10 and 11 of this

8

title.'" <u>Hall Street</u>, 128 S.Ct. at 1405.  Accordingly, Plaintiff's Motion to Confirm the Arbitration Award is granted.

**B. Plaintiff's Request for Counsel Fees**

Additionally, Plaintiff seeks counsel fees and expenses related to the arbitration and the enforcement of the award in light of the parties' agreement that Defendant would bear the costs, regardless of the outcome.  In response, Defendant contends that the arbitration award determined, as a matter of law, that parties in New Jersey generally bear their own fees and costs associated with litigation.

Plaintiff's request is yet another challenge to the arbitration panel's award. Essentially, Plaintiff seeks to confirm those aspects of the award it agrees with, i.e. the award of damages sans avoidable costs, whilst seeking vacataur of those it does not, i.e. the award of attorney's fees and costs.  However, Plaintiff's inexplicable challenge, as stated <u>supra</u>, is untimely, and needed to have been asserted within ninety days of the arbitration panel's decision on February 19, 2008.  Again, the Court must confirm the <u>entire</u> award in the absence of a statutory basis to vacate, including those aspects which are disagreeable to Plaintiff.  Accordingly, Plaintiff's request for attorney's fees is denied.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Confirm the Arbitration Award is granted.  Moreover, Plaintiff's request for attorney's fees and expenses arising from the arbitration and the enforcement of this action is denied.

9

Dated April 8, 2009                    s/ Freda L. Wolfson
                                       The Honorable Freda L. Wolfson
                                       United States District Judge