UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

November 9, 2009

**LETTER ORDER**

**Re:**  Dealer Computer Services, Inc., et al. v. Dayton Ford, Inc.
Civil Action No. 08-3508 (FLW)

Dear Counsel:

Currently pending before the Court is Defendant Dayton Ford, Inc.'s ("Dayton Ford") motion to quash subpoenas pursuant to FED.R.CIV.P. 45 and 69. The Court has fully reviewed all papers submitted in support of and in opposition to Dayton Ford's motion, and considers same without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth below, Dayton Ford's motion is granted in part and denied in part.

In dispute is a subpoena issued to non-party Greenbaum, Rowe, Smith, Ravin and Davis, LLP (Greenbaum Rowe).[1] The subpoena issued to Greenbaum Rowe seeks the production of the following documents:

> Front and back of any checks delivered, or confirmations of any wire payments made, in connection with a closing on October 3, 2006, between Dayton Imports, Inc. d/b/a Dayton Toyota, Dayton Ford, Inc. d/b/a Dayton Ford, and Dorothy Hanle, as parties of the first part, and Nappa Investments, LLC, as a party of the second part, including any disbursements from the Greenbaum, Rowe, Smith and Davis LLP Attorney Trust Account relating thereto.

---

[1] Initially, Dayton Ford sought to quash both the subpoena issued to Greenbaum Rowe as well as a subpoena issued to non-party PNC Bank. The parties have, however, reached an agreement with respect to the PNC Bank subpoena and Dayton Ford has withdrawn its motion to quash same. (Dayton Ford Reply Br. at 2, n. 1).

(Ex. A to the Herman Decl., at 4). Dayton Ford requests that the subpoena issued to Greenbaum Rowe be quashed for two reasons. First, Dayton Ford argues that procedurally the subpoena should be quashed because it violates New Jersey Court Rules 4:59-(1)(e) and 6:7-2, as it issued without a court order approving same. Second, Dayton Ford argues that substantively the subpoena should be quashed because it "is overbroad in that it seeks private information regarding payments made to several non-parties after a closing that occurred on October 3, 2006." (Dayton Ford Reply Br. at 2). With respect to this substantive argument, Dayton Ford does not object to Dealer Computer Services, Inc. (Plaintiff) obtaining information from Greenbaum Rowe "relating to wire payments made to [Dayton Ford] in connection with a closing on October 3, 2006." (*Id*. at 5). Instead, Dayton Ford objects to Plaintiff obtaining "information relating to any other payments made from the Greenbaum, Rowe, Smith and Davis LLP Attorney Trust Account in connection with that closing." (*Id*.)

Pursuant to FED.R.CIV.P. 69(a)(2), "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located. The Federal Rules of Civil Procedure do not specifically outline the method for obtaining post judgment discovery. Therefore, the Court looks to the New Jersey Court Rules for the appropriate procedure.

According to Rule 4:59-1(e), "[i]n aid of the judgment or execution, the judgment creditor or successor in interest appearing of record, may examine any person, including the judgment debtor, by proceeding as provided by these rules for the taking of depositions or the judgment creditor may proceed as provided by R. 6:7-2[.]" Rules 6:7-2(b)(1) and (2) make clear that while a judgment creditor may serve an information subpoena on the judgment debtor or a banking institution possibly

2

used by the judgment debtor without leave of court, prior court approval is required before an information subpoena may be served on any other third-party.

Here, the subpoena issued by Plaintiff to Greenbaum Rowe did not seek to obtain deposition testimony. Instead, it commanded Greenbaum Rowe to produce the documents specified above. As such, the provision of Rule 4:59-1(e), which permits a judgment creditor to examine any person as provided by New Jersey's Court Rules for the taking of depositions is inapplicable. Thus, Plaintiff had to comply with Rule 6:7-2. The provisions of Rule 6:7-2 make clear that when a judgment creditor seeks to obtain non-deposition discovery from a third-party that is not a banking institution, then the judgment creditor must obtain the Court's approval before serving an information subpoena on the third-party in question. Plaintiff failed to comply with this requirement before serving Greenbaum Rowe with the subpoena at issue.

Despite this failure, to the extent the subpoena issued to Greenbaum Rowe seeks information concerning wire payments made between Dayton Ford and Nappa Investments, LLC in connection with the October 3, 2006 closing, the Court shall approve *nunc pro tunc* Plaintiff's request to seek same. Such documents are relevant to Plaintiff's collection efforts; indeed, Dayton Ford no longer objects to Plaintiff obtaining same. (*See* Dayton Ford Reply Br. at 5). The Court shall therefore deny Dayton Ford's motion to quash the subpoena issued to Greenbaum Rowe to the extent it seeks such information.

The Court shall, however, grant Dayton Ford's motion to quash to the extent it seeks to prevent Plaintiff from obtaining information relating to wire payments made between any other entity or individual (including Dayton Imports, Inc., Dayton Toyota, Dorothy Hanle, Ford Motor Credit and Bel Air Partners) and Nappa Investments, LLC. While information relating to wire payments made between other entities or individuals and Nappa Investments, LLC may potentially

3

be relevant, the Court finds that Plaintiff has not established that such information is relevant here. Thus, if Plaintiff had complied with Rule 6:7-2 and, relying on the record now before the Court, sought the Court's permission to subpoena Greenbaum Rowe for information relating to wire payments made between Nappa Investments, LLC and any entity or individual other than Dayton Ford, the Court would have denied such a request without prejudice.  As a result, the Court shall grant Dayton Ford's motion to quash to the extent the subpoena issued to Greenbaum Rowe seeks to obtain such information.[2]

Nevertheless, the Court shall also require Plaintiff and Dayton Ford to meet and confer in good faith in an effort to reach an agreement concerning the portion of the subpoena that is hereby quashed.  This meet and confer shall take place no later than **November 20, 2009**.  If the parties are unable to reach an agreement, then Plaintiff may submit an informal letter application to the Court requesting permission to subpoena Greenbaum Rowe for information relating to wire payments made between entities or individuals other than Dayton Ford, as parties of the first part, and Napa Investments, LLC, as party of the second part.  Such an application shall focus **solely** on the relevance of the information sought and shall be submitted to the Court no later than **December 11, 2009**.  Further, if such an application is made and the Court grants same, neither Greenbaum Rowe nor any third-party with a sufficient personal privilege in the information sought shall be precluded from seeking to quash or modify the issued subpoena.

**IT IS SO ORDERED.**

---

[2] The Court also does not agree with Plaintiff that because Mr. Winiarz testified at his deposition "regarding the payments reflected in the closing statement for the Nappa Investments transaction[,]" Dayton Ford effectively waived its objection to the subpoena issued to Greenbaum Rowe.

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE THIS MOTION [DOCKET ENTRY NO. 23] ACCORDINGLY.**

    s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**